MARY'S OPINION HEADING 








NO. 12-09-00263-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

CHRISTOPHER
MATTHEW DAVIS,        §                      APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

Christopher Matthew Davis appeals
his conviction for sexual assault.  Appellant’s counsel has filed a brief
asserting compliance
with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.
Ed. 2d 493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex.
Crim. App. 1969).  We dismiss the appeal.  

 

Background

A Smith County grand jury
indicted Appellant for the felony offense of sexual assault.  In the
indictment, the grand jury alleged that Appellant caused the penetration of the
mouth of a child younger than the age of seventeen with his sexual organ and caused
the penetration of the child’s female sexual organ with his mouth.[1]  

Appellant pleaded not guilty at
his trial.  The State abandoned the second allegation in the indictment, and
the jury found Appellant guilty of the first allegation in the indictment. 
Following a sentencing hearing, the jury assessed a sentence of imprisonment
for ten years and a fine of five thousand dollars.  This appeal followed.  

Analysis Pursuant to Anders v. California

Appellant=s
counsel has filed a brief in compliance with Anders and Gainous. 
Counsel states that he has diligently reviewed the appellate record and that he
is well acquainted with the facts of this case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), counsel=s brief presents a
thorough chronological summary of the procedural history of the case and
further states that counsel is unable to present any arguable issues for
appeal.  See Anders, 386 U.S. at 745, 87 S. Ct. at 1400; see
also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L.
Ed. 2d 300 (1988).  We have likewise reviewed the record for reversible error
and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s
motion to withdraw, and dismiss the appeal, or it will determine that there may
be plausible grounds for appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review. See Tex.
R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. 
Should Appellant wish to seek further review of this case by the Texas Court of
Criminal Appeals, he must either retain an attorney to file a petition for
discretionary review or he must file a pro se petition for discretionary review.
See In re Schulman, 252 S.W.3d at 408 n.22.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
court.  See Tex. R. App. P.
68.2.  Any petition for discretionary review must be filed with this court,
after which it will be forwarded to the Texas Court of Criminal Appeals along
with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for discretionary review
should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

Opinion delivered July 30, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 22.011(a)(2)(B),
(a)(2)(A) (Vernon Supp. 2009).